IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMIE L. EWING,

    Plaintiff,                    No. CIV S-06-2445 RRB DAD PS

    v.

NATIONAL GUARD BUREAU,         <u>ORDER AND</u>
et al.,

                                     <u>FINDINGS AND RECOMMENDATIONS</u>
    Defendants.
                              /

        Plaintiff, proceeding pro se, has filed an action alleging disability discrimination by the National Guard Bureau and Donald Rumsfeld, Secretary of Defense. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the application will be granted. However, the determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A claim is frivolous if it lacks an arguable basis either in

law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1969 (2007).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In addition, pro se pleadings are held to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, the court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Here, the plaintiff's claim is as follows:

> I was terminated from my federal employment becuase [sic] of my service connected disability. The army national guard terminated me becuase [sic] of my service connected and non-service connected disabilities. My disabilities are left knee fracture residues and psychosis my then mental disability. I lost my fulltime and parttime federal employment because of this. I am requesting loss [sic] wage reimbursement and punitive damages for disability discrimination. Please see attached.

(Compl. at 1.)

One of the attachments to plaintiff's complaint reflects that plaintiff was terminated from his federal employment as Human Resources Assistant (Military) for the Department of the Army effective April 1, 2005, due to loss of military membership. (Compl., Attachs. at 1, Notification of Personnel Action, Approval Date Apr. 4, 2005.) Another document related to plaintiff's federal employment reveals that, as an excepted technician in the federal civil service, plaintiff was required to hold concurrent military membership in the National Guard and failure to hold military membership would cause the termination of his employment.

(Compl., Attachs. at 8, Memorandum for SPC Tommie Ewing, Subject: Termination of Technician Employment, dated Feb. 22, 2005.)  The latter document notes that plaintiff had lost his military membership as a result of a medical condition.  (Id.)

Other attachments to plaintiff's complaint concern his loss of military membership.  A form titled "Report of Separation and Record of Service" shows that plaintiff was separated from the Army National Guard of California and the Army Reserve effective January 30, 2005, based on the following authority and reason:  "Sec 260 Calif M/VC & Para 8-26j(1) NGR 600-200-Medically Unfit for Retention Standards."  (Compl., Attachs. at 5, Report of Separation and Record of Service, Effective Date Jan. 30, 2005.)  A memorandum dated December 7, 2004 states that plaintiff's medical records were reviewed by the California Army National Guard's State Surgeons Office, that plaintiff did not meet medical retention standards for continued participation in the California National Guard, and that he would be separated from the California Army National Guard on January 30, 2005.  (Compl., Attachs. at 7, Mem. for SPC Tommie Ewing, Subject:  Medical Retention, dated Dec. 7, 2004.)

The December 7, 2004 memorandum regarding medical retention advised plaintiff of his right to a fitness-for-duty evaluation by a United States Army Physical Evaluation Board, if plaintiff believed he could perform his National Guard duties despite his medical condition.  (Id.) Plaintiff has not alleged that he requested such an evaluation.  If he requested an evaluation by the United States Army Physical Evaluation Board, he has not alleged facts with respect to the outcome of that evaluation.  Plaintiff's attachments contain no indication that plaintiff exercised his right to a fitness-for-duty evaluation by the Board.

Plaintiff has provided a copy of a 2003 rating decision of the Department of Veterans Affairs concerning plaintiff's disabilities, with a finding of (1) 10% disability from September 20, 1992, due to left knee fracture residuals, hyperextension deformity and attenuation of anterior cruciate ligament incurred on active duty in the Gulf War between September 20, 1988 and September 19, 1992, and (2) 30% disability from October 28, 2002, due to psychosis,

3

for a total combined evaluation of 50% disability for pension purposes.  (Compl., Attachs. at 6, Rating Decision dated Apr. 24, 2003.)

        The undersigned finds that plaintiff's allegations and documentary evidence do not support a claim of disability discrimination relative to his loss of federal employment.  It is evident from plaintiff's complaint that his position as an excepted technician in the federal civil service required concurrent military membership in the National Guard and he was terminated from the civil service job upon losing military membership.  (Compl., Attachs. at 1 & 8.)  Although the February 22, 2005 memorandum from the director of human resources notes that plaintiff lost his military membership as a result of a medical condition (id. at 8), the fact remains that plaintiff lost his federal civil service job because he no longer met the requirement of concurrent military membership in the National Guard.  See 32 U.S.C. § 709(a) & (b) (requiring that a person employed as a technician in the organizing, administering, instructing, or training of the National Guard must be a dual status military technician or a member of the National Guard).  Accordingly, the undersigned finds that plaintiff's claim of disability discrimination with regard to the loss of his federal employment fails to state a claim upon which relief may be granted.

        The undersigned also finds that plaintiff's complaint fails to state a cognizable claim of disability discrimination relative to his loss of military membership.  "Historically, [the Ninth Circuit] has restricted its review of military decision making out of deference 'to the special function of the military in our constitutional structure and in the system of national defense.'"  Frey v. California, 982 F.2d 399, 402 (9th Cir. 1993) (quoting Sebra v. Neville, 801 F.2d 1135, 1140-41 (9th Cir. 1986)).  See also Gonzalez v. Dep't of Army, 718 F.2d 926, 930 (9th Cir. 1983) (declining to enter into an area of military expertise despite the plaintiff's claim of intentional race discrimination).  Even where a claim concerns a personnel decision rather than a traditional "military decision," similar principles apply when Congress or the states take actions affecting the military.  Frey, 982 F.3d at 402.

/////

The Ninth Circuit has determined that the multi-factored <u>Mindes</u> test is the proper standard for determining whether claims brought by National Guard members, or former National Guard members, are reviewable. <u>Christoffersen v. Washington State Air Nat'l Guard</u>, 855 F.2d 1437, 1441 (9th Cir. 1988) (citing <u>Sebra</u>, 801 F.2d at 1141, and <u>Mindes v. Seaman</u>, 453 F.2d 197 (5th Cir. 1971)). Under the Ninth Circuit's test,

> "an internal military decision is unreviewable unless the plaintiff alleges (a) a violation of [a recognized constitutional right], a federal statute, or military regulations; and (b) exhaustion of available intraservice remedies. If the plaintiff meets both prerequisites, the trial court must weigh four factors to determine whether review should be granted:
>
> (1) *The nature and strength of the plaintiff's claim . . . .*
> (2) *The potential injury to the plaintiff if review is refused.*
> (3) *The extent of interference with military functions.*
> (4) *The extent to which military discretion or expertise is involved.*"

<u>Christoffersen</u>, 855 F.2d at 1442 (quoting <u>Khalsa v. Weinberger</u>, 779 F.2d 1393, 1398 (9th Cir. 1985) (internal citation omitted)).

Applying the <u>Mindes</u> test to the present case, the undersigned finds that plaintiff has not alleged that the claimed disability discrimination violated a recognized constitutional right, a federal statute applicable to the military,[1] or a military regulation. Nor has plaintiff alleged exhaustion of available intraservice remedies. Thus, plaintiff's complaint fails to meet either component of the first phase of the <u>Mindes</u> test.

Even if plaintiff were able to amend his complaint to allege exhaustion of intra-service remedies and discrimination in violation of a recognized constitutional right, an applicable federal statute, or a military regulation, the four factors to be considered in the second

---

[1] In <u>Frey</u> the Ninth Circuit held that the Age Discrimination in Employment Act did not apply to military departments of the states. 982 F.2d at 404. The Ninth Circuit previously held that Title VII does not apply to uniformed personnel of the armed services. <u>Gonzalez</u>, 718 F.2d at 928. <u>See</u> <u>Gordon v. Illinois Nat'l Guard</u>, 46 F. Supp. 2d 817, 818-19 (C.D. Ill. 1999) (holding that the Americans With Disabilities Act does not apply to the military, including the state national guard), <u>aff'd</u>, 215 F.3d 1329 (7th Cir. 2000).

phase of the Mindes test, on balance, favor a finding that plaintiff's claim of disability discrimination is not reviewable by this court. First, plaintiff's disability claim is not strong because the facts alleged by plaintiff do not show that his interest in military and civilian employment is stronger than the California Army National Guard's interest in retaining only members who are fit for duty. Even if the second factor, i.e., potential injury to plaintiff if judicial review is denied, is viewed as weighing in plaintiff's favor due to his loss of employment, the third and fourth factors weigh against plaintiff because military discretion and expertise are plainly involved in personnel decisions related to fitness for duty. Judicial review of such decisions would impede the National Guard in the performance of its duties, impair its ability to make personnel decisions based on "subjective, though appropriate, criteria of military efficiency," and interfere with military functions. 855 F.2d at 1444.

"Courts have declined to review a variety of employment actions involving military personnel because, in the military, 'overriding demands of discipline and duty' prevail, demands which do not have a counterpart in civilian life." Mier v. Owens, 57 F.3d 747, 749 (9th Cir. 1995) (quoting Chappell v. Wallace, 462 U.S. 296, 300 (1983)). See Wenger v. Monroe, 282 F.3d 1068, 1075-76 (9th Cir. 2002) (affirming dismissal of a case where an officer in the California Army National Guard sought relief with respect to a flag placed on his personnel file, observing that "we have emphatically denied invitations to review military personnel decisions"); Sandidge v. State of Washington, 813 F.2d 1025, 1026-27 (9th Cir. 1987) (finding that Mindes factors weighed against reviewability of case where a National Guard officer sought revision of job performance evaluation, as the evaluation involved military discretion and expertise, and judicial review would require significant interference with military functions). When asked to review employment actions taken against members of the military, "'courts must give great deference to the professional judgment of military authorities.'" Christoffersen, 855 F.2d at 1445 (quoting Goldman v. Weinberger, 475 U.S. 503, 508 (1986)).

/////

Application of the <u>Mindes</u> test has demonstrate that the plaintiff in this case cannot state a claim upon which relief may be granted against the National Guard Bureau. The undersigned finds that all of plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted and that, given the nature of the defects in plaintiff's claims, it appears clear that granting leave to amend would be futile. See <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296-97 (9th Cir. 1990); <u>Rutman Wine Co. v. E. & J. Gallo Winery</u>, 829 F.2d 729, 738 (9th Cir. 1987).

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's November 3, 2006 application to proceed in forma pauperis is granted; and

IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 13, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.pro se/ewing2445.ifpgr.f&r